

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) ) ) |
| vs. | ) ) Case No. 03 C 6413 |
| JAMES SMITH, | ) ) ) |
| Movant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2001, a jury convicted James Smith of counterfeiting $3,728 in Federal Reserve notes. The Court sentenced Smith to fifty-one months in prison. Smith has moved to vacate his conviction and sentence under 28 U.S.C. § 2255 on the grounds that his right to effective assistance of counsel was violated by the failure of his trial counsel, Gene Steingold, to file a motion to quash Smith's arrest and suppress the evidence seized as a result of that arrest. The Court held an evidentiary hearing on Smith's motion on April 21, 2005. This constitutes the Court's findings of fact and conclusions of law.

Smith was arrested on November 26, 1999, by Niles police officer Ronald Brandt. Brandt responded to a call from a Target department store, arriving at the store around 8:30 p.m. He spoke with store security personnel, who had Smith in custody. The security personnel told Brandt that they had seen Smith enter the store, either in person or via a video surveillance camera. They advised Brandt that they had observed Smith remove items from store shelves, take them to the return desk without purchasing them, and "return" them for cash and credit.



The security officers provided Brandt with receipts that they said Smith had presented at the return desk. They also advised Brandt that they had a video tape showing Smith's actions. Brandt took possession of the video tape but did not review it. He did not question Smith to ascertain his version of the events. Though Smith had made a statement to the store personnel, at the time of the hearing Brandt did not recall whether he learned this at the store or only later, after he had arrested Smith.

Brandt arrested Smith and took him to the Niles police station. At the station, Brandt recovered from Smith's person just under $900 in suspected counterfeit currency, as well as a quantity of narcotics. As a result, the United States Secret Service was contacted, and agent Bradley Beeler traveled to the Niles police station and interviewed Smith, starting at about 12:30 a.m. He advised Smith of his rights, and Smith signed a form acknowledging that he was aware of his rights and was willing to speak to the police. Smith initially told Beeler that he had gotten the counterfeit currency from a friend, but he was unable to identify the friend. Beeler expressed skepticism and continued to question Smith. After about an hour of questioning, Smith told Beeler that he had made the counterfeit currency himself using a scanner and printer at his home. Smith signed a statement to this effect and also signed a form in which he consented to a search of his home. Additional counterfeit currency was found in the search.

A federal indictment was returned charging Smith with manufacturing counterfeit currency. Smith was also charged in state court with retail theft and narcotics possession. After a preliminary hearing at which Brandt was the sole witness, a state court judge made a finding of probable cause on the narcotics charge but found probable cause lacking on the theft charge. Smith was later indicted for theft by a state grand jury. At trial, the trial judge made a directed

2

finding in Smith's favor on the theft charge at the conclusion of the prosecution's evidence. This followed the judge's ruling excluding testimony by store security personnel that Smith had received cash or credit for items he returned. The judge based this ruling on his determination that the prosecution had failed to lay a foundation sufficient to show the accuracy of computer-generated information that the security personnel had reviewed that allegedly supported the claim that Smith had received cash or credit for the items. As a result, the judge concluded, no evidence was admitted that Smith had actually received anything of value in return for the items, a necessary element of the theft charge.

Gene Steingold was appointed to represent Smith in the federal counterfeiting case after Smith's prior attorney, Michael Nash, was granted leave to withdraw. Steingold had access to the state court judge's finding of lack of probable cause on the theft charge as well as the not guilty verdict on that charge. He considered, and discussed with Smith, the possibility of filing a motion to quash Smith's arrest and suppress evidence seized as a result of the arrest. Steingold reviewed Brandt's police reports and the reports of the Target security personnel, and he spoke by telephone with the public defender representing Smith in the state court theft case before that case went to trial. The public defender had reviewed the store video tape, as had Smith, but Steingold did not obtain or review the tape. The public defender advised Steingold that the tape was damaging and that she did not believe there was a basis to move to quash Smith's arrest. Based on his review of Brandt's report and his conversation with the public defender, Steingold concluded that Brandt had probable cause to arrest Smith and as a result did not file a motion to quash the arrest.

At Smith's sentencing, he complained about what he believed was the poor quality of

Steingold's representation. Among other things, Smith said that he did not think there had been probable cause to arrest him, and he pointed out that the state court judge had found probable cause lacking. In response, Steingold advised the Court as follows:

> I have told him many a time that as far as the probable cause, as far as the cases that came prior to this case here that were tried in the state court, that, you know, if there was a motion to suppress, it would probably lie in that court. I also have discussed with him what he thinks was no probable cause, explained – tried to explain to him the difference between the motion to suppress and the preliminary hearing and so forth.

April 25, 2002 Tr. at 8-9. At the hearing in the present case, Steingold acknowledged having told the Court that he had told Smith that a motion to suppress could be filed only in state court, but he said that was a misstatement of what he had told Smith. Steingold also testified at the hearing that he believed the state court judge had actually made a finding of probable cause on the theft charge. This was clearly incorrect. It is unclear, however, whether the error represents a misunderstanding by Steingold at the time of his representation of Smith, or rather a mistaken recollection of the events several years later.

To prevail on his claim of ineffective assistance of counsel, Smith must show that Steingold's performance fell below an objective standard of reasonableness and caused the defendant prejudice sufficient to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To prove prejudice, Smith must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because the alleged error involves the failure to litigate a Fourth Amendment claim, Smith must also show that the Fourth Amendment claim was meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.

*Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Steingold's actions with regard to the decision whether to file a motion to quash arrest leave a good deal to be desired. He was aware that the state court judge had found, after hearing Brandt's testimony, that probable cause was lacking for the theft charge. This would have given Steingold, at a minimum, a good faith basis to file a motion to quash arrest, and pursuing such a motion likely would have been, in the scheme of things, a no-lose proposition for Smith (neither the government nor Steingold has suggested otherwise).[1] In addition, Steingold's statement to the Court at Smith's sentencing that he had told Smith that "if there was a motion to suppress, it would probably lie in that court," i.e., in state court, suggests that he may not have fully understood the interconnection between the theft arrest and the seizure of the evidence used against Smith in the federal counterfeiting case.

The Court need not decide, however, whether Steingold's actions were objectively unreasonable, for Smith has not made the necessary showing of prejudice. A court need not determine whether counsel's acts or omissions were deficient if the claim of ineffective assistance can be disposed of on the ground that the defendant was not sufficiently prejudiced by the alleged error. *Strickland*, 466 U.S. at 697.

Smith could have succeeded on a motion to quash arrest only if Brandt lacked probable cause to arrest him. The parties have presented to the Court the testimony of the security guards in Smith's state court theft trial, and Smith relies on that testimony to show that probable cause was lacking. But the security guards' testimony about what they had observed, though critical to the question of whether Smith was guilty of theft, is largely immaterial to the issue of whether

---

[1] Among other things, Smith would not have had to testify in support of the motion.

Brandt had probable cause to arrest Smith. In that regard, the key question is not what the store security guards saw, or how they testified at Smith's trial months later, but whether what Brandt learned from them prior to the arrest was sufficient to establish probable cause. *Cf. Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000) (probable cause is based on information known to officer at time of arrest, not information received subsequently).

Moreover, the fact that the state court judge acquitted Smith does not indicate that Brandt lacked probable cause to arrest him. *See, e.g., Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998). Probable cause does not require evidence that is sufficient to convict the arrestee. *See, e.g., Anderer v. Jones*, 385 F.3d 1043, 1049 (7th Cir. 2004).

A report from an eyewitness to a crime is sufficient to establish probable cause, unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a duty to investigate further. *See, e.g., Beauchamp v. City of Noblesville*, 320 F.3d 733, 743 (7th Cir. 2003). The store security guards were eyewitnesses, or at least they said they were. The Court found credible Brandt's testimony that the security guards reported to him that they had seen Smith, either live or via a video camera, take items from store shelves, place them in his cart, and then take those same items to the return desk and get credit or cash for them without having paid for them in the first place. There was nothing about the guards' account to Brandt of what they had seen, or about the surrounding circumstances, that would have led a reasonable officer in Brandt's position to be suspicious or investigate further. As noted earlier, the security guards provided Brandt with a videotape that they said supported their account of the events. A reasonable police officer could believe that under the circumstances, the guards' willingness to provide evidence that showed the actual events was implicitly corroborative of the veracity of

their claims.

Smith contends that there were red flags that should have led Brandt to be suspicious and investigate further. Specifically, Smith argues, the receipts that were recovered from Smith, or at least some of them, reflected legitimate purchases of items he was returning. But the fact that Smith had receipts for items of the same description did not mean they were receipts for the specific items he sought to return. The only further investigation that Brandt could have done that would have allowed him to credit or discredit the store security guards' claims about what they had seen was to review the video tape that the guards had given him. Smith has failed to show that the tape would have contradicted what the security guards claimed they had seen. Indeed, the only evidence about the video tape's contents is Steingold's testimony that Smith's state court defense attorney told him that it was damaging to Smith's case.

In sum, Smith has failed to show that Brandt lacked probable cause to arrest him, and accordingly he has failed to show that a motion to quash his arrest and suppress evidence seized as a result would have succeeded. For that reason, he has failed to make the showing of prejudice required by *Strickland* and *Kimmelman* to sustain his claim of ineffective assistance of counsel.

## Conclusion

For the reasons stated above, the Court denies James Smith's motion under 28 U.S.C. § 2255. The Clerk is directed to enter judgment in favor of the United States.

MATTHEW F. KENNELLY
United States District Judge

Date: April 29, 2005

7